Donald Gene BOAG,
Petitioner-Appellant,

v.

Robert RAINES, Respondent-Appellee.

No. 84–1545.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 1984.*

Decided Aug. 26, 1985.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a); 9th Cir.R. 3(f).

Michael V. Black, Asst. Federal Public Defender, Phoenix, Ariz., for petitioner-appellant.

Bruce M. Ferg, Asst. Atty. Gen., Tucson, Ariz., for respondent-appellee.

Before SKOPIL and FLETCHER, Circuit Judges, and RAY McNICHOLS,** District Judge.

FLETCHER, Circuit Judge:

Boag appeals the dismissal of his habeas corpus petition, contending the district court erred in concluding that new evidence he presented was insufficient to raise a substantial doubt as to his competency to stand trial in 1967. We affirm.

In 1967, Boag was convicted of various felonies in Arizona court. At his trial, Boag's counsel made a motion for examination of his client's mental condition. The trial court did not rule on this motion, nor did it order a competency hearing. Boag's conviction was affirmed on direct appeal.

In 1980, Boag brought this action for a writ of habeas corpus, 18 U.S.C. § 2254 (1982), in the district court, contending that he had been incompetent to stand trial in 1967. The district court denied the writ and dismissed Boag's action. Boag appealed and we reversed, holding that the district court applied an improper standard to determine his right to a competency hearing. *Boag v. Raines*, 673 F.2d 1336 (9th Cir.1982). On remand, the district court dismissed the petition a second time, and Boag appealed again. We affirmed the

** Hon. Ray McNichols, Senior District Judge, District of Idaho, sitting by designation.

district court's conclusion that the evidence before the state trial court was insufficient to raise a good faith doubt as to Boag's competency. We remanded, however, for the district court to consider whether new evidence, not presented at the 1967 trial, was sufficient to raise a substantial doubt as to Boag's competency. *Boag v. Raines*, 707 F.2d 516 (9th Cir.1983). The district court, in a thorough and well-reasoned opinion, concluded that it was not.

▇▇▇▇ The test for competency to stand trial is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam); *Chavez v. United States*, 656 F.2d 512, 518 (9th Cir. 1981). In a habeas proceeding, a petitioner is entitled to an evidentiary hearing on the issue of competency to stand trial if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court. *Steinsvik v. Vinzant*, 640 F.2d 949, 954 (9th Cir.1981).

▇▇▇ Boag points to several incidents which he contends show that he was in fact incompetent in 1967: (1) five attempted suicides between 1954 and 1965; (2) repeated head injuries; (3) a story of bizarre behavior; and (4) alcoholism. Boag also relies on the report of a prison psychiatrist, made four months before trial, which stated that he had a "sociopathic personality disturbance, anti-social reaction," and the statement of a California judge, made six months before trial, that Boag needed "intensive psychiatric treatment." Applying de novo review, *United States v. McConney*, 728 F.2d 1195, 1203 (9th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); *United States v. Makris*, 535 F.2d 899, 907 (5th Cir.1976), *cert. denied*, 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 803 (1977); *cf. de Kaplany v. Enomoto*, 540 F.2d 975, 983 (9th Cir.1976) (appellate review of trial court's failure to provide com-

petency hearing based on facts available at trial not limited to abuse of discretion or clearly erroneous standard), *cert. denied*, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977), we agree with the district court that these facts, taken as a whole, do not raise a substantial doubt as to Boag's competency.

In *de Kaplany v. Enomoto*, 540 F.2d at 983–85, we held that evidence of two emotional and inappropriate outbursts at trial, coupled with the bizarre and gruesome nature of the crime charged, and psychiatric testimony characterizing the defendant as "severely disturbed" and suffering from paranoid schizophrenia, was insufficient to raise a bona fide doubt with respect to the defendant's competency to stand trial. In cases finding sufficient evidence of incompetency, the petitioners have been able to show either extremely erratic and irrational behavior during the course of the trial, *e.g.*, *Tillery v. Eyman*, 492 F.2d 1056, 1057–58 (9th Cir.1974) (defendant screamed throughout the nights, laughed at the jury, made gestures at the bailiff, disrobed in the courtroom and butted his head through a glass window), or lengthy histories of acute psychosis and psychiatric treatment, *e.g.*, *Moore v. United States*, 464 F.2d 663, 665 (9th Cir.1972) (defendant repeatedly hospitalized for acute mental illness and hallucinations).

We discount the probative value of Boag's suicide attempts because they occurred long before the trial. *Cf. Chavez v. United States*, 656 F.2d at 518 (psychiatric report indicating incompetence may lose its probative value by the passage of time). Boag's head injuries and his alcoholism also properly were discounted by the district court because Boag failed to show that they caused any mental impairment at the time of the trial. Similarly, the report of the prison psychiatrist that declared Boag to have a sociopathic personality is of little relevance. "[A] sociopath suffers from no disability which could affect competency. The medical term solely describes manipulative, egocentric persons who frequently commit antisocial acts without feel-

ings of remorse." *Bruce v. Estelle*, 536 F.2d 1051, 1060 (5th Cir.1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977). The statement of a California judge, six months before trial, that Boag needed "intensive psychiatric treatment," was a recommendation to the Department of Corrections, made in a sentencing context, and therefore was not sufficient to create doubt as to Boag's competence. *Sailer v. Gunn*, 548 F.2d 271, 275 (9th Cir.1977).

We conclude that the district court properly found that the new evidence presented by Boag did not raise a real and substantial doubt as to his competency.

Boag additionally argues that the failure of the state trial court to make a recorded ruling on his motion for a competency hearing violated due process. Since there was insufficient evidence before the state court to create a doubt as to Boag's competency, no pretrial evidentiary hearing was required, and Boag was not prejudiced by the state court's failure to enter an express ruling to this effect.

It follows that Boag's counsel's failure to press the issue of the absence of a recorded ruling does not constitute ineffective assistance. Boag has not shown that his attorney's performance was so deficient that it undermined the proper functioning of the adversarial process or caused him actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Failure to raise a meritless argument does not constitute ineffective assistance. *Cooper v. Fitzharris*, 551 F.2d 1162, 1166 (9th Cir.1977).

The order of the district court dismissing Boag's petition is AFFIRMED.