103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory GOSS, Petitioner-Appellant,
v.
James H. GOMEZ; Daniel E. Lungren, Attorney General of the
State of California, Respondents-Appellees.
 No. 95-56383.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Gregory Goss appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. Goss was convicted of second degree murder and two counts of attempted murder. He contends the district court erred when it denied him habeas relief. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm.
 
 
 3
 Goss contends that his constitutional protection against self-incrimination was violated because he was not given a sufficient Miranda warning before being re-interrogated. We disagree. Goss does not dispute that: (1) on August 14, 1990, the police read Goss his Miranda rights and Goss waived them; and (2) on August 15, 1990, after the police reminded Goss that he had read Goss his rights the day before and Goss had understood them, Goss stated he understood them and was going to talk again. Goss has failed to show any violation of Miranda. See Maguire v. United States, 396 F.2d 327, 331 (9th Cir.1968) (no Miranda violation when an adequate Miranda warning was given three days before a second officer interrogated the defendant, even if the second warning was insufficient).
 
 
 4
 Goss contends that his trial was rendered fundamentally unfair when the prosecutor stated in closing argument that "[b]y the defendant's own words, [the victim of the drive-by shooting] shouldn't have been there." The prosecutor did not mischaracterize Goss's testimony. Goss testified at trial that "[the victim] wasn't supposed to be over there."
 
 
 5
 Goss raises two jury instruction claims. First, he contends that a consciousness of guilt instruction violated his due process rights. We disagree. Goss initially told the police that he was not the driver of the car. Later Goss admitted that he was the driver but maintained that he believed he would be dropped off before his passengers shot the victim. The instruction did not violate Goss's right to a fair trial. See Estelle v. McGuire, 502 U.S. 62, 72 (1991).
 
 
 6
 Second, Goss contends that once the consciousness of guilt instruction was given, the trial court was required to give two additional instructions sua sponte. The first of those additional instructions would have required the jury to find that defendant had made the statements and deliberately lied to hide his complicity in the crime before the jury could consider the alleged statements. The second instruction would admit the statements for purposes of determining whether defendant was afraid of being apprehended and whether he thought he had committed a crime, but not for purposes of determining the degree of defendant's guilt. The absence of these instructions, neither individually nor in combination, rendered Goss's trial fundamentally unfair. See id.
 
 
 7
 Because Goss's arguments are nonmeritorious, we reject Goss's claim that appellate counsel was ineffective for failing to raise these arguments. See Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir.1985). Goss's contentions concerning the state court of appeal's disposition of his ineffective assistance claim fail to state a federal claim. See McGuire, 502 U.S. at 72.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3