129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Gregory GRIMES, Defendant-Appellant.
 No. 95-16189.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Oct. 23, 1997.
 
 Appeal from the United States District Court for the Northern District of California Eugnee F. Lynch, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Gregory Grimes, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for five counts of unarmed bank robbery. Grimes contends that he was denied the right to due process because he was incompetent to stand trial, and that he was selectively sentenced in violation of the equal protection clause. Grimes contends that the district court abused its discretion by denying his request for an evidentiary hearing on the issue of his competency to stand trial. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the denial of a section 2255 motion. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We review for abuse of discretion the district court's denial of an evidentiary hearing in a section 2255 motion. See id. We affirm.
 
 A. Competency
 
 3
 A habeas petitioner is entitled to an evidentiary hearing on the issue of competency to stand trial if he presents facts sufficient to create a "real and substantial doubt" as to his competency, even if those facts were not presented to the trial court. See Boag v. Raines, 769 F.2d 1341, 1343 (9th Cir.1985). The test for competency is whether a defendant has a rational and factual understanding of the proceedings against him, and whether he has sufficient ability to consult with his lawyer with a reasonable degree of rational understanding. See Chavez v. United States, 656 F.2d 512, 518 (9th Cir.1981).
 
 
 4
 Here, Grimes contends that from October of 1991 until February of 1992 he was taking an antidepressant, Elavil, which gave him a "floating" feeling and had a sedative effect. The government contends that Grimes did not receive any drugs during his pretrial detention which would have affected his competency during trial. Grimes documentary evidence that he was prescribed Elavil is apparently dated January of 1992, after his jury conviction in December of 1991.
 
 
 5
 Grimes failed to present sufficient facts to create a real and substantial doubt as to his competency. See Boag, 769 F.2d at 1343. Even if Grimes was taking Elavil throughout his trial, his allegations regarding the sedative effect of Elavil are insufficient to show that his understanding of the proceedings was impaired or that he lacked the ability to consult with his lawyer with a reasonable degree of rational understanding. See Chavez, 656 F.2d at 518. Accordingly, the district court did not abuse its discretion by denying an evidentiary hearing on the issue of Grimes's competency to stand trial. See id.; Frazer, 18 F.3d at 781.
 
 B. Selective Sentencing
 
 6
 Grimes contends that Judge Fern Smith selectively sentenced him as a career offender on the basis of his African-American race. In support, Grimes submitted the names of three Caucasian defendants whom Judge Smith did not sentence as career offenders. Grimes contends he was entitled to discovery to support his selective sentencing claim. See United States v. Armstrong, 116 S.Ct. 1480, 1487 (1996). In response, the government stated that the presentence reports of the Caucasian defendants showed that two of the defendants received downward departures and one had a criminal history category which did not warrant a career offender classification. Grimes does not allege that, similarly to the Caucasian defendants, he was entitled to a downward departure or that his criminal history category history did not warrant a career offender classification.[1] Grimes therefore, failed to show Judge Smith's sentencing had a discriminatory effect. Accordingly, Grimes was not entitled to discovery on this claim. Cf. at 1489 (stating that in order to obtain discovery in a selective prosecution case a claimant must make a "credible showing of different treatment of similarly situated persons.").
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On direct appeal, Grimes contended that his prior conviction should not have been used to sentence him as a career offender. We rejected his contention and affirmed his sentence. See United States v. Grimes, No. 92-10529, (9th Cir. Jan. 25, 1994) (unpublished memorandum disposition)