127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ranza D. MARSHALL, Petitioner-Appellant,
v.
James H. GOMEZ, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 97-55083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Appeal from the United States District Court for the Central District of California Audrey B. Collins, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ranza D. Marshall, a California state prisoner, appeals the district court's denial of her 28 U.S.C. § 2254 petition. Marshall contends that appellate counsel was ineffective for failing to raise the following claims on appeal: (1) insufficiency of the evidence to support her conviction for attempted first degree murder as an aider and abettor or coconspirator; and (2) the trial court incorrectly convicted Marshall on an inapplicable attempted felony-murder theory. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Marshall contends that appellate counsel was ineffective for failing to argue that the evidence was insufficient to prove that: (1) the perpetrator acted with premeditation and deliberation when he shot the victim; and (2) the perpetrator's attempt to commit first degree murder was a reasonably foreseeable consequence of Marshall's participation in the robbery as an aider and abettor or coconspirator. These contentions lack merit.
 
 
 4
 To establish ineffective assistance of counsel a defendant must prove that: (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate counsel). An ineffectiveness claim may be disposed for lack of prejudice without examining the performance prong. See Strickland, 466 U.S. at 697.
 
 
 5
 Evidence is sufficient to support a conviction if, viewed in the light most favorable to the prosecution, any rational trier of fact could have found proof of guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324, 326 (1979). Under California law, an aider and abettor or coconspirator is liable not only for the offense she intended to facilitate, but also for any reasonably foreseeable offenses committed by the actual perpetrator. See People v. Croy, 710 P.2d 392, 398 n. 5 (Cal.1985). Whether an offense was reasonably foreseeable to an aider and abettor or coconspirator is a question of fact. See id. A perpetrator's intent to kill with premeditation and deliberation can be inferred from evidence regarding planning, motive, and/or the manner of the killing. See People v. Thomas, 828 P.2d 101, 114 (Cal.1992).
 
 
 6
 Here, the trial court found that Marshall and the shooter were both armed with loaded firearms when they entered the jewelry store, and that the shooter fired at the victim at close range without any provocation and continued firing several more shots before leaving the scene. Although Marshall argued that she never possessed a weapon and that the perpetrator initially fired his gun by accident and later in self defense, it was the exclusive province of the trial court as factfinder to resolve evidentiary conflicts. See United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). The record also indicates that the victim was the only likely witness to the crime. We are satisfied that a rational trier of fact could conclude beyond a reasonable doubt that the shooter acted with premeditation and deliberation. See People v. Morris, 756 P.2d 843, 856 (Cal.1988) (bringing firearm to scene of shooting indicates planning to support inference of premeditation and deliberation); see also Jackson, 443 U.S. at 325 (evidence of shooting at close range and multiple shots indicates manner of attempted killing consistent with premeditation and deliberation); People v. Miranda, 744 P.2d 1127, 1145 (1987) (lack of provocation by victim supports inference that attack was premeditated and deliberated). The evidence is also more than sufficient to prove that the perpetrator's attempt to kill the victim with premeditation and deliberation was a reasonably foreseeable consequence of Marshall's participation in the robbery. See People v. Rogers, 217 Cal.Rptr. 809, (Cal.Ct.App.1985) (attempted first degree murder conviction of aider and abettor upheld as natural and probable consequence of target offense of armed robbery). Accordingly, appellate counsel was not ineffective for failing to raise this issue. See Strickland, 466 U.S. at 697.
 
 
 7
 Marshall also contends that appellate counsel was ineffective for failing to argue that the trial court erred by convicting her on an improper attempted felony-murder theory. We disagree. The trial court stated a proper theory of liability when it found that attempted premeditated, deliberated murder "was a natural and probable consequence of the robbery, the defendant knowingly aided and abetted while in the possession of a loaded, cocked .38-caliber revolver." Accordingly, appellate counsel was not ineffective for failing to raise this issue. See Strickland, 466 U.S. at 697; see also Boac v. Raines, 769 F.2d 1341, 1344 (9th Cir.1985) (appellate counsel has no duty to raise nonmeritorious arguments)
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3