Jonathan LAMONS, Petitioner—
Appellant,

v.

Charles D. MARSHALL, Respondent—
Appellee.

No. 00–15564.
D.C. No. CV–93–01734–CAL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2002.*

Decided April 3, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and MCKEOWN, Circuit Judges.

### MEMORANDUM **

Lamons's attorney raises two issues in his supplemental brief. He argues 1) that Lamons was unconstitutionally denied a hearing where the record does not support a guilty plea and that his lawyer was ineffective in stipulating to a factual basis for the plea and 2) that Lamons was unconstitutionally denied a pre-trial competency hearing. Additionally, Lamons makes several claims in his *pro se* brief. The most meritorious of these are that his guilty plea was not voluntary and intelligent and that his counsel was ineffective in not requesting a suppression hearing.

### I. Basis in Fact for Plea

Lamons argues that there was no basis in fact for his guilty plea because instead of killing the victim with the intent to rob him, he says he killed him in a struggle for a gun that the victim pulled on him, and then only decided to steal the victim's money after he was dead. Therefore, Lamons claims he was guilty only of manslaughter and theft. Lamons argues that his counsel was ineffective because he failed to explain this defense to the charges to Lamons and that, because of his lawyer's oversight, his plea was involuntary.

However, the defense attorney conceded that there was a basis in fact, and the prosecutor told the judge that there was a basis in fact, based on the police reports and autopsy. In view of the weight of the prosecution's evidence, there clearly was a

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

factual basis for Lamons's plea. Lamons offered no evidence of his version of events other than his own self-serving statement, which a jury or court need not have believed.[1] With the evidence that the prosecution had, it was legitimate for defense counsel to urge Lamons to take the plea bargain and a sentence of 26 years to life in order to avoid a likely conviction of murder with special circumstances and the resulting death sentence or life without the possibility of parole.

## II. Lamons's Competency

■ Lamons further argues that his drug abuse and medical records, which contain evidence of a schizophrenic episode ten years prior to the murder and an incident in which Lamons was treated for cuts on his arms four years prior to the murder, cast doubt on his competency to plead guilty, and he argues that a competency hearing should have been held. However, because there is nothing to show that this evidence was before the state trial court,[2] and because the proffered medical evidence does not raise a substantial doubt as to Lamons's competency,[3] habeas relief was properly denied.

Lamons also claims that he received ineffective assistance because his lawyer failed to press for a pre-plea competency hearing. However, failure to raise a merit-

less claim does not constitute ineffective assistance.[4]

## III. Voluntary and Intelligent Waiver

■ Although the state court found that Lamons's waiver of his rights was knowing, voluntary and intelligent, Lamons claims that he did not understand the nature of the charge to which he pled guilty, specifically that he was never made aware of the *mens rea* requirement of first degree murder. He alleges that if he had known of the malice aforethought requirement, he would not have pled guilty.

Although the record does not report that the defendant was advised of the nature of the offense, where defense counsel has stipulated to its basis, it may be presumed that trial counsel has explained the nature of the offense in sufficient detail to give the defendant notice of what he is asked to admit.[5] Lamons submitted nothing to the district court that would have rebutted that presumption. Lamons's claim that he did not understand the premeditation element of first degree murder is irrelevant because his charge was based on his robbery of the victim,[6] rather than on premeditation. Because robbery murder is first degree murder under California law,[7] deletion of the special circumstance merely alters the sentence.[8] Moreover, because Lamons can be presumed to have known the basis of the claim against him,[9] and

---

**1.** See *Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir.2002).

**2.** See *United States v. Lewis*, 991 F.2d 524, 527 (9th Cir.1993).

**3.** Compare *de Kaplany v. Enomoto*, 540 F.2d 975, 983–85 (9th Cir.1976) (en banc); *Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir.1985).

**4.** *Boag*, 769 F.2d at 1344.

**5.** *Henderson v. Morgan*, 426 U.S. 637, 647, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

**6.** Cal.Penal Code § 189 ("All murder ... which is committed in the perpetration of, or attempt to perpetrate ... robbery ... is murder of the first degree.")

**7.** *Id.*

**8.** See Cal.Penal Code § 190.2.

**9.** *Henderson*, 426 U.S. at 647, 96 S.Ct. 2253.

because the defendant's self-serving statements that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity given to state convictions,[10] his claim lacks merit.

## IV. Suppression Hearing

■ Lamons claims that his lawyer was ineffective in not moving to suppress Lamons's statements to the police under *Miranda* before advising Lamons to plead guilty. However, the motion was not compelling and might well have been defeated because of the conflicting, and substantially stronger, evidence that would have been offered by the police. Under *Strickland v. Washington,* we consider "whether counsel's assistance was reasonable considering all the circumstances,"[11] and in this situation, where the lawyer's bargaining power was stronger before he filed the motion than after he filed it and likely lost it, counsel's assistance was not ineffective, but was rather a result of strategy.

## V. Conclusion

For the foregoing reasons, the decision of the district court is AFFIRMED.

---

**10.** *Turner,* 281 F.3d at 881 (9th Cir.2002) (citing *United States v. Allen,* 153 F.3d 1037, 1041 (9th Cir.1998) (citations omitted)).

**11.** 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).