**Rene CAMACHO, Petitioner–Appellant,**

v.

**Terry STEWART, et al., Respondents–Appellees.**

No. 01–16439.

D.C. No. CV–99–01024–RCB.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002.*

Decided May 28, 2002.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Rene Camacho, an Arizona prisoner serving a thirty-nine year sentence for three burglaries, appeals pro se the denial of his 28 U.S.C. § 2254 motion, in which he alleged ineffective assistance of trial and appellate counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the denial of a 28 U.S.C. § 2254 petition, *see Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000), and we affirm.

█ Camacho contends his trial counsel provided ineffective assistance by stipulating to his fingerprints at the scene of one of the burglaries. Because disputing his presence at the scene would not have affected his defense of insanity, and because there was ample other evidence against him, counsel's stipulation did not constitute ineffective assistance. *See Guam v. Santos,* 741 F.2d 1167, 1169 (9th Cir.1984) (per curiam); *see also United States v. Davis,* 36 F.3d 1424, 1433 (9th Cir.1994) (affirming where counsel's strategic stipulation conceded a fact resulting in an increased sentence).

█ Camacho next contends that his trial counsel was ineffective for failing to obtain suppression of his statement to a nurse that he was faking insanity, claiming the statement was involuntary because he was insane at the time it was made. Because Camacho's statement to the nurse is not one that is typically suppressed as an involuntary statement, *see Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986) (finding no due process violation where allegedly involuntary statement was not accompanied by coercive police activity), counsel's decision not to seek suppression on this ground was not deficient performance. *See Boag v. Raines,* 769 F.2d 1341, 1344 (9th Cir.1985)

(stating that failing to raise a meritless claim does not constitute ineffective assistance of counsel).

Camacho also contends that his appellate counsel was ineffective for failing to challenge his competency to stand trial. Four separate evaluations concluded that Camacho was competent, and he fails to show that a competency challenge would have provided grounds for reversal. *See Wildman v. Johnson,* 261 F.3d 832, 840 (9th Cir.2001). We therefore reject this claim.

Lastly, the state court found Camacho competent, and he has failed to produce clear and convincing evidence to rebut that presumptively correct factual determination. *See* 28 U.S.C. § 2254(e)(1).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.