Jesse Dale HERNANDEZ, Petitioner–Appellant,

v.

Bill DUNCAN, Warden, Respondent–Appellee.

No. 01–15875.

D.C. No. CV–95–01801–WBS.

United States Court of Appeals, Ninth Circuit.

---

**250**

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Jesse Dale Hernandez appeals pro se the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his California convictions for first degree murder and robbery. We have jurisdiction under 18 U.S.C. § 1291. We review de novo the district court's dismissal of Hernandez's habeas petition, *see Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 406, 151 L.Ed.2d 308 (2001), and we affirm.

The district court granted a certificate of probable cause to Hernandez. However, a certificate of appealability ("COA") is required for habeas appeals initiated after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), even when the petition was filed in district court prior to the effective date. *See Slack v. McDaniel*, 529 U.S. 473, 481–82, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). We must apply *Slack* here because Hernandez filed his notice of appeal ("NOA") after AEDPA's effective date, and will treat it as a request for a COA. *See Schell v. Witek*, 218 F.3d 1017, 1021 fn. 4 (9th Cir.2000). "To obtain a COA under [28 U.S.C.] § 2253(c), a habeas prisoner must make a substantial showing

of the denial of a constitutional right . . ." *Slack*, 529 U.S. at 483. The certificate must specify which issues satisfy that standard. 28 U.S.C. § 2253(c)(3).

Having reviewed Hernandez's appeal of the district court's decision, we grant the COA only with respect to his claim alleging ineffective assistance based on trial counsel's failure to object to the admission of Hernandez's confession under the Sixth Amendment right to counsel. Hernandez's only other claim of error presented, another ineffective assistance claim, alleges counsel failed to object at trial to the admission of his confession based upon the violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The record shows that this claim is clearly without merit, for immediately prior to trial, Hernandez's trial counsel objected to the admission of Hernandez's confession based upon a *Miranda* violation. Accordingly, Hernandez's argument does not meet the requirements necessary to grant a COA. *See Slack*, 529 U.S. at 483.

Although we grant the COA for Hernandez's remaining claim of ineffective assistance, we conclude that counsel's performance does not rise to the level of a constitutional violation. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687. While in custody, Hernandez did not invoke his right to counsel, repeatedly waived his *Miranda* rights, and explicitly stated that he did not wish to speak to an attorney. Thus, there was no violation of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Hernandez's Sixth Amendment right to counsel during his confession, and Hernandez's counsel was not deficient for declining to object to the confession based upon this ground. *See Boag v. Raines,* 769 F.2d 1341, 1344 (9th Cir.1985) (failure to raise a meritless argument is not ineffectiveness). Accordingly, the district court did not err in denying Hernandez's habeas petition.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.