**Mariylynn Jeanne FORSETH, Petitioner–Appellant,**

v.

**Teena FARMON, Warden, et al., Respondents–Appellees.**

No. 02–15686.
D.C. No. CV–98–01425–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Marilynn Jeanne Forseth appeals pro se the district court's denial of her 28 U.S.C. § 2254 petition challenging her jury-trial convictions for two counts of second degree murder and two counts of gross vehicular manslaughter. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Forseth contends that she was not competent to stand trial because she was being treated with psychotropic medication that affected her thought process and her ability to confer with her attorney, and created a negative impression in court. This contention is unpersuasive. Forseth has failed to show that she lacked sufficient

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ability to consult with her lawyer with a reasonable degree of rational understanding and that she lacked a rational and factual understanding of the proceedings against her. *See Boag v. Raines,* 769 F.2d 1341, 1343 (9th Cir.1985).[1]

Forseth contends that the jury instructions collectively confused the panel and led to verdicts that were inconsistent with the defining elements of each crime charged. Forseth also contends that she was entitled to affirmative defense instructions. We reject these contentions because Forseth has failed to demonstrate any instructional error that "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Forseth's contention based on inconsistent verdicts is similarly unpersuasive. *See Masoner v. Thurman,* 996 F.2d 1003, 1005 (9th Cir.1993) (rejecting argument that guilty verdicts for both murder and manslaughter were inconsistent and violated constitutional right to due process).

Forseth raises a number of contentions as to why her trial and appellate counsel were ineffective, none of which is supported by a showing of deficient performance that caused any prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.

---

1. Forseth's contention that, under Cal.Penal Code § 2670 she was illegally and unnecessarily medicated, fails to state a federal claim. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).