**Stephen Craig PETEK, Petitioner–Appellant,**

v.

**Leslie RYDER, Respondent–Appellee.**

No. 02–35182.

D.C. No. CV–00–00654–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Washington state prisoner Stephen Craig Petek appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his convictions and 134–month sentence for conspiracy, kidnaping, burglary, and assault. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Petek contends that trial counsel was constitutionally ineffective because he failed to argue at sentencing that the plea agreement indicated that Petek's crimes should be treated as the "same criminal conduct" and that this treatment would result in a lower sentencing range than

that calculated in the plea agreement. *See* Rev.Code Wash. § 9.94A.400(1)(a) (West 1988 & Supp.1994) (stating that crimes encompassing the "same criminal conduct" are not counted as priors to each other for the purpose of scoring multiple counts). However, under Washington law it would have been improper for the trial court to treat Petek's crimes as the same criminal conduct because they lacked identity of time and place, victims, and intent. *See id.* (stating that crimes encompass the same criminal conduct only if they "require the same criminal intent, are committed at the same time and place, and involve the same victim"); *State v. Lessley*, 118 Wash.2d 773, 827 P.2d 996, 998 (1992) ("[C]rimes affecting more than one victim cannot encompass the same criminal conduct"). Thus, Petek's claim fails because he has shown neither deficient performance nor prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that an ineffective assistance of counsel claim must be supported by a showing of deficient performance and prejudice and that prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

Similarly, to the extent Petek contends that trial counsel was ineffective for failing to argue that the prosecutor had violated the terms of the plea agreement, this contention fails because regardless of the parties' intent, the provision regarding "same criminal conduct" treatment was not a legally tenable recommendation. Thus, Petek has failed to show a reasonable probability that the outcome would have

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

been different if counsel had made this argument. *See id.*

Finally, to the extent Petek contends that his guilty plea is invalid because trial counsel failed to advise him properly regarding the "same criminal conduct" provision, this contention fails because there is no probability that had counsel advised Petek that his sentence should be even less than that stated in the plea agreement, he would have chosen to go to trial. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that a claim that a plea is not knowing and voluntary due to counsel's ineffective advice requires a showing of a reasonable probability that the defendant would not have pled guilty but for counsel's erroneous advice).

AFFIRMED.