**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jeffery JOSEPH, Defendant— Appellant.**

No. 02–16893.

D.C. Nos. CV–01–00467–ACK, CR–99–00475–ACK.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 20, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

### MEMORANDUM**

Jeffery Joseph appeals pro se the district court's denial of his 28 U.S.C. § 2255

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

motion challenging his conviction and 151–month sentence imposed after he pleaded guilty to attempting to possess with intent to distribute more than 100 grams of crystal methamphetamine, "ice," in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *United States v. Chacon–Palomares*, 208 F.3d 1157, 1158 (9th Cir.2000), and we affirm.

Joseph contends that his trial attorney rendered ineffective assistance by failing to raise two jurisdictional challenges. Both would have been frivolous. *See* 18 U.S.C. § 3231 (giving district courts jurisdiction of all offenses against the laws of the United States); *United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir.1993) (rejecting jurisdictional challenge by defendant Hawaiian nationals).

Accordingly, there was no ineffective assistance of counsel. *See Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.1985) (concluding that failure to raise meritless arguments does not constitute ineffective assistance of counsel).

Joseph also contends that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) applies and renders his sentence unconstitutional. This contention is unpersuasive. Joseph's sentence is below the 20–year statutory maximum for an unspecified amount of methamphetamine, 21 U.S.C. § 841(b)(1)(C), so *Apprendi* would not reduce his sentence. *See United States v. Garcia–Guizar*, 234 F.3d 483, 488–89 (2000).

Finally, Joseph's argument that he lacked knowledge of the type and quantity of drugs charged in the indictment is foreclosed by *United States v. Carranza*, 289

F.3d 634, 644 (9th Cir.), *cert. denied*, 537 U.S. 1037, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).

Therefore, the district court properly denied Joseph's petition.[1]

**AFFIRMED.**

---

**1.** Joseph also claims ineffective assistance of counsel for failure to dispute the alleged quantity of drugs stated in the plea agreement. This issue was not certified for appeal and we decline to address it. 9th Cir. R. 22–1.

