* This panel unanimously finds this case suitable for decision without oral argument. See

The defendant is not entitled to collaterally attack the validity of his deportation pursuant to 8 U.S.C. § 1326(d), and is therefore not entitled to dismissal of his indictment on this basis. The judgment is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan VALDEZ, Defendant–Appellant.**

**No. 03–35541.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 8, 2004.*

Decided July 12, 2004.

Fed. R.App. P. 34(a)(2).

Richard L. Pomeroy, Esq., U.S. Attorney, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Dawn Reed–Slaten, Anchorage, AK, for Defendant–Appellant.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

MEMORANDUM **

Juan Valdez, a.k.a. Indalecio Marin, appeals the district court's denial of his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. In addition to challenging his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Valdez contends that he received ineffective assistance because: (1) his trial counsel failed to argue that the First Superseding Indictment violated the Speedy Trial Act; (2) his appellate counsel declined to challenge the district court's sentencing enhancements under U.S.S.G. §§ 2D1.1(b)(1) (firearm possession) and 3B1.1 (leader/organizer); and (3) his trial and appellate counsel opt-

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed not to pursue an alleged Vienna Convention on Consular Relations violation. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255, and we affirm.

■ In *United States v. Sanchez–Cervantes*, "we h[e]ld that *Apprendi* does not apply retroactively to cases on initial collateral review." 282 F.3d 664, 671 (9th Cir.), *cert. denied*, 537 U.S. 939, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002). Because Valdez seeks to collaterally attack his sentence enhancements under *Apprendi, Sanchez–Cervantes* forecloses his claim. *See id.*

Valdez's three ineffective assistance of counsel claims also fail. To establish ineffective assistance of counsel, Valdez must show that his counsel's performance was deficient and that this deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "If either prong [of the *Strickland* analysis] is not met, we must dismiss the claim." *Sanchez–Cervantes*, 282 F.3d at 672.

■ Valdez first contends that his trial counsel was deficient by failing to argue that the superseding indictment violated the Speedy Trial Act because it was not returned within 30 days of his arrest. Contrary to Valdez's assertions, however, "[a] superseding indictment issued before the original indictment is dismissed may issue more than thirty days after the arrest. Not all charges must be filed within the first thirty day period." *United States v. Orbino*, 981 F.2d 1035, 1037 (9th Cir. 1992) (citation omitted). Thus, "[a] charge contained in a superseding indictment which was not included in the original complaint does not violate the Speedy Trial Act." *United States v. Gastelum–Almeida*, 298 F.3d 1167, 1173 (9th Cir.), *cert. denied*, 537 U.S. 986, 123 S.Ct. 461, 154 L.Ed.2d 352 (2002). Because Valdez's Speedy Trial Act claim lacked merit, his trial counsel

did not perform deficiently in declining to pursue it. *See Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir.2001) (noting that failure to raise meritless argument on direct appeal does not constitute ineffective assistance of counsel); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.1985) (same).

■ Valdez next argues that his appellate counsel provided ineffective assistance by failing to challenge the district court's sentence enhancements under U.S.S.G. §§ 2D1.1(b)(1) (firearm possession) and 3B1.1 (leader/organizer). However, the record overwhelmingly supports a finding that Valdez was a leader and/or organizer of the conspiracy, thereby qualifying him for an enhancement under § 3B1.1. And according to the testimony of a co-conspirator, Valdez possessed a firearm during the commission of the conspiracy and it was not "clearly improbable that the weapon was connected with the offense." § 2D1.1 cmt. n. 3; *see also United States v. Willard*, 919 F.2d 606, 609 (9th Cir.1990) (holding that the trial court must examine "the entire course of criminal conduct" in determining possession). Accordingly, Valdez's sentence enhancement claims lacked merit, and his appellate counsel did not perform deficiently by not raising them. *See Wildman*, 261 F.3d at 840; *Boag*, 769 F.2d at 1344.

■ Valdez's final claim of ineffective assistance stems from his trial and appellate counsel's decisions not to seek the suppression of "evidence" that the government acquired due to a violation of the Vienna Convention on Consular Relations ("the Convention"). *See* Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36, 21 U.S.T. 77. But this claim, too, must fail because, even though Valdez's rights under the Vienna Convention were violated, suppression of any wrongly obtained evidence is not the appropriate

remedy for such a violation. *See United States v. Lombera–Camorlinga,* 206 F.3d 882, 885 (9th Cir.2000) (*en banc*). In short, *Lombera–Camorlinga* precludes the precise relief that Valdez argues his counsel should have sought for the alleged violation and, therefore, Valdez has necessarily failed to demonstrate that: (1) his counsel's decision not to pursue this claim constitutes "deficient performance," *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052; and (2) there is a "reasonable probability that, but for counsel's [failure to raise the claim], the result of the proceeding would have been different." *Mayfield v. Woodford,* 270 F.3d 915, 934 (9th Cir. 2001) (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052).

AFFIRMED.