Robert Anthony GARCIA, Petitioner—
Appellant,

v.

Edward S. ALAMEIDA, Jr., Warden,
Respondent—Appellee.

No. 04–56750.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**650**

---

Robert Anthony Garcia, Ione, CA, pro se.

Attorney General, A. Natasha Cortina, Office of the California Attorney General, San Diego, CA, for Respondent—Appellee.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

### MEMORANDUM**

Robert Anthony Garcia appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

■ Garcia contends that his due process rights were violated when the victim, Jenny Aguilar, was coerced into giving false testimony about the assault. This contention lacks merit. The California court's rejection of this claim was not contrary to or an unreasonable application of clearly established federal law. Even if she feared prosecution and the prosecutor threatened removal from a state drug treatment program if she did not testify, Aguilar's testimony was voluntary. *See Trammel v. United States,* 445 U.S. 40, 42, 53, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980) (holding that co-conspirator wife's testimony was voluntary despite a grant of immunity and assurances of lenient treatment).

■ Garcia next contends that his Sixth Amendment right to confront and cross-examine witnesses was violated when defense counsel was prevented from questioning a witness, Gloria Montes. The California court's decision to exclude some of Montes' testimony was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Delaware v. Van Arsdall,* 475 U.S. 673, 679–80, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Also, even assuming that there was error, the error was harmless because: (1) Montes' testimony was not important to the prosecution's case because she was only a corroborating witness to two other witnesses; (2) Montes' testimony was cumulative because other witness testified to the events surrounding the assault; and (3) the trial court did allow cross examination on evidence that Montes was a victim of domestic violence. *See Van Arsdall* at 684, 106 S.Ct. 1431.

■ Garcia contends that his trial counsel provided ineffective assistance by failing to move to suppress Aguilar's coerced statement, and by failing to contact an exculpatory witness, who Garcia claims committed the abuse. His contentions fail. As previously discussed, Aguilar was not coerced into making statements at trial. Also, any error in failing to contact the witness is undercut by the fact that the victim recanted her statement that someone else committed the abuse. As a re-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sult, Garcia's counsel committed no error by failing to file a motion to suppress, and failing to locate the witness. *See Boag v. Raines,* 769 F.2d 1341, 1344 (9th Cir.1985) (concluding that failing to raise a meritless argument does not constitute ineffective assistance).

Garcia's contentions that the prosecution impermissibly vouched for a witness and used perjured testimony lack merit. The prosecutor's statements during closing argument were permissible. *See United States v. Gray,* 876 F.2d 1411, 1417 (9th Cir.1989) (prosecutors have reasonable latitude to fashion closing arguments, and inherent in this latitude is the freedom to argue reasonable inferences based on the evidence).

**AFFIRMED.**