**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-35169 |
| Plaintiff-Appellee, | D.C. Nos. 4:19-cv-00030-BMM |
| v. | 4:15-cr-00046-BMM-2 |
| SCOTT MITCHELL BUMMER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted June 10, 2021**
Seattle, Washington

Before: GILMAN,*** GOULD, and MILLER, Circuit Judges.

Scott Bummer appeals from the district court's order denying his motion to

vacate his sentence under 28 U.S.C. § 2255. The district court issued a certificate

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of appealability without specifying the issues that meet the standard for appeal under 28 U.S.C. § 2253(c)(3). *See Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012). Because the certificate issued by the district court was deficient, we construe Bummer's appeal as an application for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Sassounian v. Roe*, 230 F.3d 1097, 1100–01 (9th Cir. 2000). We deny the application.

We grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is satisfied if the petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Bummer's claims do not meet that standard.

1.      Bummer claims that his attorneys were deficient in failing to inform him of the consequences of rejecting the government's plea offers. But the record shows that Bummer's attorneys communicated each plea offer to Bummer and advised him that he should accept the offer rather than risk the fifteen-year mandatory-minimum sentence. Bummer was therefore adequately informed of the consequences of refusing the government's plea offers. *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060–61 (9th Cir. 2000).

2.      Bummer claims that his attorneys were deficient in failing to challenge the admission of location data seized from Tony Amato's cell phone. But

2

Bummer did not have standing to challenge the admission of evidence seized from another person's cell phone. *See Rakas v. Illinois*, 439 U.S. 128, 140, 150 (1978). Bummer's attorneys were not deficient in declining to file a meritless motion. *See Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985).

3.      Bummer claims that counsel was ineffective in failing to object to Bummer's absence at a telephone conference. This claim is foreclosed by our decision on direct appeal in *United States v. Bummer*, 731 F. App'x 721, 722 (9th Cir. 2018). *See Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) (per curiam).

4.      Bummer claims that trial counsel was ineffective in failing to call detectives Patrick Kruse and Patrick McDuffie to testify at trial. Because testimony from these detectives would have likely damaged Bummer's case, not helped it, trial counsel made a reasonable tactical decision not to call them. *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001).

5.      Bummer's allegation that his attorneys failed to review "available exculpatory material" is too vague to state a claim for ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

**DENIED.**

3