NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORDY EZEQUIEL OCHOA, AKA Jordy Ochoa, AKA Jordy Ezequil Ochoa-Cordova, <br><br> Petitioner-Appellant, <br><br> v. <br><br> L. R. THOMAS, Metropolitan Detention Center, Los Angeles, California; DONALD H. BLEVINS, <br><br> Respondents-Appellees. | No.    21-55906 <br><br> D.C. No. 2:11-cv-06864-JGB-GJS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted September 11, 2024
Pasadena, California

Before:  IKUTA, FRIEDLAND, and LEE, Circuit Judges.

Jordy Ochoa appeals the district court's denial of his petition for a writ of

habeas corpus.  Our jurisdiction arises under 28 U.S.C. §§ 1291, 2253.  We review

the district court's denial de novo and affirm.  *Garding v. Mont. Dep't of Corr.*,

105 F.4th 1247, 1256 (9th Cir. 2024).

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Ochoa was charged with being a felon in possession of a firearm. In a separate case, the court scheduled a probation hearing for after the criminal trial to determine whether Ochoa had possessed a firearm in violation of his probation. In his criminal trial, the jury hung. After declaring a mistrial, the judge announced in a separate probation hearing that she would not revoke his probation, stating that the prosecution had not proved he possessed a gun by a preponderance of the evidence. Ochoa was later retried on the criminal charge and convicted.

He seeks a writ of habeas on two grounds. First, he claims California violated his Fifth Amendment right against double jeopardy when it successfully retried him for unlawful possession of a firearm by a felon. Second, he contends his trial attorney's failure to object to the second trial on double jeopardy grounds constituted ineffective assistance of counsel in violation of the Sixth Amendment. Both arguments fail.

Under 28 U.S.C. § 2254(d)(1), a federal court can grant a writ of habeas corpus only if the state adjudication contradicts or unreasonably applies "clearly established Federal law, as determined by the Supreme Court of the United States." The Antiterrorism and Effective Death Penalty Act (AEDPA) thus requires federal courts to apply a highly deferential standard of review. *Renico v. Lett*, 559 U.S. 766, 773 (2010). Absent a clear answer from the Supreme Court to the question presented, the state court's decision should stand. *See Wright v. Van Patten*, 552

2

U.S. 120, 125-26 (2008) (per curiam).

Double Jeopardy Claim. Ochoa argues that he should not have been retried on the felon in possession of a firearm charge because the judge had declined to revoke his probation, finding that the prosecution did not prove by a preponderance that Ochoa unlawfully possessed a gun. Ochoa claims that this finding should preclude the later criminal prosecution because double jeopardy incorporates collateral estoppel principles. *Ashe v. Swenson*, 397 U.S. 436, 442-43 (1970).

His argument fails because the Supreme Court has never established that a finding from a probation hearing—which is a civil proceeding, *see Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973) ("[T]he revocation of parole is not a part of the criminal prosecution,")—can qualify as a judgment of acquittal for double jeopardy purposes. Rather, the Court has applied double jeopardy only when both proceedings are criminal. *Ashe*, 397 U.S. at 446. Thus, Ochoa's double jeopardy claim is not based on "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The cases that he cites only clearly establish that judgments in criminal proceedings can constitute acquittals, and probation hearings are not criminal proceedings. *See Evans v. Michigan*, 568 U.S. 313, 318 (2013) (defining "acquittal" in the context of a criminal proceeding).

Ineffective assistance of counsel. Ochoa also argues his trial lawyer's failure to object on double jeopardy grounds to the second trial amounts to ineffective

3

assistance of counsel in violation of the Sixth Amendment.[1]  An ineffective assistance of counsel claim requires a showing that (1) counsel performed deficiently and, as a result, (2) the client suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The alleged failure of Ochoa's trial lawyer falls well short of satisfying either prong of *Strickland*.

To find deficient performance, the court must review trial counsel's actions deferentially and conclude the reviewed actions fell "outside the wide range of professionally competent assistance."  *Id.* at 689-90.  Failure to raise meritless arguments does not amount to deficient action.  *See Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985).  Further, under AEDPA's § 2254(d)(1), after a state court adjudicates an ineffective assistance claim, the federal court's review of the trial attorney's performance becomes doubly deferential because of the further deference given to the state court's earlier review.  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Ochoa's trial attorney's actions do not count as deficient because no caselaw would lead a lawyer to expect the double jeopardy claim to succeed.  Given our

---

[1] Prior to oral argument before our court, Ochoa never argued that counsel was ineffective for failing to move for a directed verdict in the first trial after the court's probation ruling.  That argument is therefore forfeited.  *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited.").

highly deferential standard and our conclusion above, we cannot say the decision by Ochoa's attorney to not make the double jeopardy argument qualifies as deficient performance. *See Boag*, 769 F.2d at 1344.

Ochoa also suffered no prejudice because raising a double jeopardy objection to the second trial would not have prevented his conviction. A court finds prejudice upon a showing of a substantial likelihood that, but for counsel's deficient performance, the outcome at trial would differ. *Harrington*, 562 U.S. at 112. He has failed to meet that bar.

We **AFFIRM** the district court's denial of Ochoa's habeas corpus petition.