**Roger MAGUIRE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22223.**

United States Court of Appeals
Ninth Circuit.

May 28, 1968.

328

Roger Maguire, in pro. per.

Edwin L. Miller, Jr., U. S. Atty., Mobley M. Milam, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and STEPHENS,* District Judge.

BARNES, Circuit Judge:

Appellant was convicted on one count of violating the Dyer Act (18 U.S.C. § 2312), was sentenced to five years, and now appeals that conviction in *pro. per.* and *in forma pauperis* (28 U.S.C. § 1291).

On October 7, 1966, in Portland, Maine, appellant, under the assumed name of "Gale Knowles," rented a car from Saul Arnold, a clerk in a Portland auto rental agency. The rental contract placed a 100 mile limitation on use of the auto and required that the car be returned on October 8th. When the car was not returned on time it was reported stolen.

On November 11, 1966, appellant drove the auto referred to from Mexico into the United States at San Ysidro, California. Customs Inspector Cardwell ordered appellant aside to be searched, and to empty his pockets. Appellant complied, producing several different sets of identity cards and a pack of Zig-Zag cigarette papers. Cardwell, suspecting that appellant was smuggling contraband, searched the car, wherein he discovered the rental contract. Appellant could neither explain his numerous identities, nor his possession of the rental car, which should not have left Portland,

---

* Hon. Albert L. Stephens, Jr., United States District Judge, Los Angeles, California, sitting by designation.

Maine according to the terms of the contract. Since no contraband was found, Cardwell turned the evidence and appellant over to San Diego Police Officer Hammond. Appellant was scheduled for arraignment on December 19th, 1966, but he jumped bail, was recaptured, and early in January, 1967, filed a group of motions requesting: (1) suppression of the material taken from him at the border, (2) change of venue to Maine, and (3) a speedy trial.

Counsel, one Moody, was appointed for appellant. On February 27th, 1967, the court granted appellant's motion for change of venue, conditioned upon appellant's willingness to stipulate to the facts occurring in California (so that several witnesses would not have to be sent to Maine). Appellant refused to stipulate to the California facts, apparently on March 13, 1967.

On May 8th, 1967, appellant was arraigned, pleading not guilty. He indicated a willingness to proceed in pro. per. Appellant reconsidered, however, and instead, requested that Moody's appointment be of a limited nature—i. e., of an advisory or standby nature. Appellant also requested that the government subpoena Saul Arnold in Maine as a defense witness. Both requests were granted. Trial was set for May 23rd, with the motion to suppress set for the 22nd. On May 22nd, however, appellant requested that the court order the sheriff to release certain trial documents and legal materials so that appellant could prepare for trial. The court did order the release of his work papers, and granted a two day continuance so that appellant could review his material and interview the government witnesses. The government also disclosed that it had just been informed that the United States Marshal in Maine, and the F.B.I., had been unable to find Saul Arnold for service of the subpoena. The trial was then set for May 25th and appellant agreed that Pippin, an attorney of Moody's office, would represent him at the trial. (Sep. Tr. 16–17; II, Tr. 76.)

Pippin moved for a change of venue on the ground that appellant might be able to locate Saul Arnold if the venue of the trial were in Maine. This motion was denied because (1) there was no indication that the appellant could succeed where the F.B.I. failed, and (2) since two Maine witnesses had already arrived, it was too late to shift venue.

During the trial Pippin moved (1) to suppress the admission of the rental contract on the ground of illegal search and seizure, and (2) to suppress the testimony of Officer Hammond and Agent Turnage on the sole ground that the *Miranda* warnings had not been given.

At the hearing on the motion, Inspector Cardwell, the Customs agent who had initially confronted appellant, testified as outlined above. Officer Hammond testified that he had given the appellant the full *Miranda* warning before questioning appellant. Turnage testified that he had given the appellant the warnings also, though there was some question as to whether he told appellant that he had a right to counsel at the interrogation. Appellant contradicted this testimony. The court denied the motion, the case was tried, and appellant was convicted.

Appellant's several contentions will be considered *seriatim*.

## 1. DENIAL OF A SPEEDY TRIAL

 The right to a speedy trial is relative, being consistent with delays as long as those delays are not "purposeful or oppressive." United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed. 2d 627 (1966). Here appellant complains of the five month delay from indictment to trial, but he alleges no facts which indicate that the delay was inconsistent with "orderly expedition" or that the delay was purposive. Most of the delays can be laid at appellant's door: his nonappearance at the initial arraignment; his motion for change of venue; and his request for a continuance to study for the trial. See Maldonado v. Eyman, 377 F.2d 526, 527 (9th Cir. 1967).

### 2. DENIAL OF ACCESS TO LEGAL INFORMATION

■ This claim is frivolous. While appellant's legal materials were taken from him by the sheriff, the court ordered that they be returned; that appellant be given the statement of government witnesses; that appellant be allowed to interview those witnesses and that appellant be given two days to prepare his case. The court's order was apparently obeyed.

### 3. DENIAL OF ASSISTANCE OF COUNSEL

■ Appellant claims that the court forced appellant to take Pippin as his representative on the first day of the trial. The record refutes this allegation. First, appellant agreed to take Moody on as "advisory" counsel. Then, at Moody's suggestion, the court appointed Moody's associate, Pippin, in the same capacity. Next, appellant agreed that Pippin would represent him at the trial—this stipulation coming on May 22nd, three days before the trial. Finally, on the first day of the trial, appellant agreed to go along with Pippin.

All in all, the record reflects the trial court's attempt to give appellant the best of both worlds by letting him proceed in pro. per., but with advisory counsel present. (Hodge v. United States, No. 20,-517 (9th Cir.), decided March 5, 1968). We find nothing in appellant's complaint that he was denied aid of counsel.

### 4. VENUE—AND CONFRONTATION

Appellant claims that venue should have been in Maine in order that appellant could attempt to find Saul Arnold by himself. Obviously, the venue argument is tied in with appellant's argument that the government's failure to produce Arnold deprived appellant of his right to confrontation.

Venue could have been set in either Maine or California. 18 U.S.C. § 3237. Fed.R.Crim.P. 21(b). Maine was no more convenient than California—either one required the transportation of several witnesses.

■■ With regard to the production of Saul Arnold, no one knew he would be unavailable until the Maine witnesses had already arrived in California. The Sixth Amendment does not require that the government be successful in trying to subpoena witnesses—all that is required is that the process issue and the Marshal exercise due diligence in a good faith attempt to secure service of the process. See Orfield, Federal Criminal Rules, § 17.26; cf. Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (April 23, 1968).

The court did not abuse its discretion in denying the motion to change venue. Lindberg v. United States, 363 F.2d 438 (9th Cir. 1966), and appellant received the process as required by the Sixth Amendment.

### 5. THE ALLEGED ILLEGAL SEARCH AND SEIZURE

■■ Section 482 of Title 19, United States Code, allows Customs officials to conduct a search of persons and vehicles on "border searches" when they have reasonable cause to suspect contraband is being carried into the United States. In the instant case, the appellant's auto was not searched until Inspector Cardwell discovered various identification cards bearing various names, and Zig-Zag cigarette papers on the person of appellant. He suspected the possibility of marijuana. "Mere suspicion" alone is sufficient in such a case for a border search. Cervantes v. United States, 263 F.2d 800, 803, n. 5 (9th Cir. 1959); Murgia v. United States, 285 F.2d 14 (9th Cir. 1960); Corngold v. United States, 367 F.2d 1 at 14, 15 (9th Cir. 1966); Deck et al. v. United States, 395 F.2d 89 (9th Cir.) May 7, 1968. Thus, the search of appellant's auto was reasonable and permissible, and the rental contract found in the glove compartment gave rise to reasonable grounds for the belief that both a state and federal crime had been committed.

■ It was evidence admissible to prove such a crime. Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). That the evidence was not what the searching officer was looking for, but evidence of the possible commission of another crime does not make the original search invalid, nor the evidence seized inadmissible.

## 6. LACK OF MIRANDA WARNING

■ *Officer Hammond's warning, which was clearly adequate to meet the Miranda standards, came three days before the interrogation of appellant by Agent Turnage;* thus, even if the warning given by Turnage was insufficient, the appellant could not claim he had *not* been apprised of the *Miranda* warnings.

Finding no error, we affirm.