**PEOPLE of the TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**Edward R.C. DELA PENA, Defendant–Appellant.**

**No. 94–10504.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 1995.*

Decided Dec. 27, 1995.

---

1. Remaining issues are decided in a separate unpublished memorandum disposition.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

William C. Bischoff, Agana, Guam, for defendant-appellant.

Richard Parker Arens, Assistant Attorney General, Agana, Guam, for plaintiff-appellee.

Before: HUG, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Edward R.C. Dela Pena appeals his convictions for aggravated murder, robbery, and possession and use of a deadly weapon in the commission of a felony. He contends his convictions should be reversed because his confession to the police during custodial questioning was admitted at trial in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Dela Pena was not in custody when he was questioned initially by the police. During this interview, he was advised of his *Miranda* rights and waived them. About fifteen hours later, following a break of several hours during which his house was searched and he was afforded an opportunity to rest, the questioning resumed. By this time, Dela Pena was in custody. The police reminded him of the earlier *Miranda* warnings, and during the resumed questioning Dela Pena confessed.

The Superior Court of Guam denied Dela Pena's motion to suppress his confession, and the Appellate Division of the District Court of Guam affirmed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We hold Dela Pena's confession was not rendered inadmissible by reason of the officers' failure to repeat their earlier *Miranda* warnings.

## FACTS

On February 21, 1992, Susumu and Ritsuko Satake were murdered. The following evening, at the request of officers investigat-

ing the Satake murders, Dela Pena drove to the police station for an interview.

Dela Pena arrived at the police station at 7:50 p.m. on February 22. Police officers advised him of his *Miranda* rights with the aid of a printed card. Dela Pena initialed each line of the *Miranda* card, waived his rights both orally and in writing, and agreed to be questioned by the officers. There is no dispute that at this time he was not in custody.

The officers questioned Dela Pena until 4:00 a.m. the next morning, February 23. Dela Pena then led officers to his home and consented to a search of the premises. Consent to the search is not disputed. During the search, the officers found a knife and an unregistered gun. When they found these items, they took Dela Pena back to the police station for further questioning.

The officers and Dela Pena arrived back at the police station at 6:35 a.m. on February 23. Dela Pena was given an opportunity to rest. By 8:00 a.m. he said he wanted to leave, but the officers refused. There is no dispute Dela Pena was in custody at this time, and indeed he had not been free to leave, according to the officers, from the time they found the knife and unregistered gun at his home.

The officers resumed questioning Dela Pena at 10:35 a.m. on February 23. Before this questioning began, they reminded him of his *Miranda* rights by reviewing with him the card he had initialed the evening before. Dela Pena did not waive his *Miranda* rights again in writing, but he orally waived them.[1] He then confessed to the robbery and murders. His confession was admitted at his trial, he was convicted, the Appellate Division of the District Court of Guam affirmed his convictions, and this appeal followed.

## DISCUSSION

Dela Pena contends the confession which he made during his in-custody interrogation on February 23 should have been suppressed because the *Miranda* warnings he had been given the evening before, when he was not in custody, were not repeated once he was placed in custody.

This circuit has not heretofore decided this issue. The issue has been decided, however, by the Eighth and Eleventh Circuits. In *Jarrell v. Balkcom*, 735 F.2d 1242, 1254 (11th Cir.1984), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985), the Eleventh Circuit held that although the defendant was not in custody when he was given *Miranda* warnings, his confession given less than four hours later when he was in custody was not rendered inadmissible because of the failure to repeat the warnings once he was in custody. *See also United States v. Paulton*, 540 F.2d 886, 891 (8th Cir.1976) (same).

Dela Pena relies solely upon *Commonwealth of Massachusetts v. Coplin*, 34 Mass. App.Ct. 478, 612 N.E.2d 1188, 1190–91 (1993), which he cites for the proposition that once a defendant is placed in custody, previous *Miranda* warnings are ineffective.

■ Assuming *Coplin* stands for the proposition asserted by Dela Pena, we reject that view. Instead, we elect to follow the lead of the Eighth and Eleventh Circuits. We hold that statements made by a defendant during custodial interrogation are not rendered inadmissible simply because the police fail to repeat *Miranda* warnings previously given to the defendant when he was not in custody.

■ Dela Pena's subsequent custodial status is not the determining factor in this case. The determining factor is the lapse of time between 7:50 p.m. the evening of February 22 when Dela Pena was given adequate *Miranda* warnings, and 10:35 a.m. the next day when his questioning resumed. The issue is whether this lapse of time rendered the earlier *Miranda* warnings ineffective with regard to Dela Pena's confession which he made during the resumed questioning. We conclude this lapse of time did not require new *Miranda* warnings.

■ A rewarning is not required simply because there is a break in questioning.

---

**1.** Dela Pena disputes the sufficiency of these second *Miranda* warnings and his oral waiver. Because we hold it was not necessary to repeat the earlier *Miranda* warnings, we do not reach the question of the sufficiency of the second *Miranda* warnings.

*United States v. Andaverde,* 64 F.3d 1305, 1312 (9th Cir.1995). In *Andaverde,* a one-day interval between the *Miranda* warnings and waiver, and the defendant's subsequent statement to officers, did not render the statement inadmissible. *Id.* at 1313; *see also United States v. Nordling,* 804 F.2d 1466, 1471 (9th Cir.1986) (new warnings not required when "[n]o appreciable time had elapsed" between two interrogations).

Here, roughly fifteen hours elapsed between the time Dela Pena was given and waived his *Miranda* rights and the time his questioning resumed and he confessed. Other than this passage of time, Dela Pena points to nothing to suggest the effectiveness of the earlier *Miranda* warnings was diminished. Moreover, the officers reminded him of the earlier warnings. Accordingly, we hold that the fifteen-hour interval between the *Miranda* warnings and the subsequent questioning did not render Dela Pena's confession inadmissible. *See Andaverde,* 64 F.3d at 1313; *Maguire v. United States,* 396 F.2d 327, 331 (9th Cir.1968) (adequate *Miranda* warnings given three days before second officer interrogated .defendant; court held "even if the warning given by [the second officer] was insufficient, the [defendant] could not claim he had *not* been apprised of the *Miranda* warnings"), *cert. denied,* 393 U.S. 1099, 89 S.Ct. 897, 21 L.Ed.2d 792 (1969); *Puplampu v. United States,* 422 F.2d 870 (9th Cir.) (per curiam) (statements admissible when defendant had been fully advised of *Miranda* rights two days earlier), *cert. denied,* 399 U.S. 914, 90 S.Ct. 2217, 26 L.Ed.2d 571 (1970).

AFFIRMED.