91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan C. BARUCH, Petitioner-Appellant,
v.
George A. SMITH, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-56099.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan C. Baruch, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for first degree murder with a firearm. Baruch contends that he is entitled to habeas relief because his confession, admitted during trial, was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966). We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.[1]
 
 
 3
 On December 3, 1986, the victim was found dead of gunshot wounds. The two officers investigating the murder talked to several witnesses and their investigation led them to Baruch. Police left a message at Baruch's place of employment and he subsequently returned the call and agreed to speak to police at his workplace.
 
 
 4
 Upon arrival, police advised Baruch of his Miranda rights and Baruch stated he understood his rights, that he did not desire an attorney present, and that he would talk about the case. After questioning Baruch, police discovered some discrepancies in his statements and asked to inspect Baruch's car. He agreed and police accompanied him to his car and subsequently to his parent's home. Thereafter, police asked Baruch to accompany them to the station to clear up the inconsistencies; he agreed.
 
 
 5
 At the police station, officers confronted Baruch with the discrepancies between his statements and those of other witnesses. Baruch confessed to the murder and was arrested.
 
 
 6
 Baruch contends that his confession was obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966) because (1) police did not properly advise him of his rights at his place of employment or secure a waiver of those rights and (2) police failed to give him his Miranda warnings once he was in custody. These contentions lack merit.
 
 
 7
 Before custodial interrogation can begin, a suspect must be advised of his rights to remain silent and to have an attorney present. Id. at 479; see also Thompson v. Keohane, 116 S.Ct. 457, 462 (1995). Although the ultimate "in custody" determination is a mixed question of law and fact qualifying for independent review, a state court's factual findings regarding the circumstances surrounding an interrogation are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). Thompson, 116 S.Ct. at 465. A state court's determination that a defendant knowingly and intelligently waived his Miranda rights is also entitled to a presumption of correctness. See Collazo v. Estelle, 940 F.2d 411, 416 (9th Cir.1991), cert. denied, 502 U.S. 1031 (1992).
 
 
 8
 Once a suspect has been given his Miranda warnings, police need not repeat these warnings unless an "appreciable time" elapses between two interrogations. See United States v. Nordling, 804 F.2d 1466, 1471 (9th Cir.1986). Moreover, "statements made by a defendant during custodial interrogation are not rendered inadmissible simply because the police fail to repeat Miranda warnings previously given to the defendant when he was not in custody." See People of Territory of Guam v. Dela Pena, 72 F.3d 767, 769 (1995).
 
 
 9
 Despite Baruch's allegations to the contrary, the state court found that Baruch was fully advised of his Miranda rights prior to police questioning and that he knowingly and voluntarily waived those rights. Because these factual findings are fairly supported by the record, we presume them to be correct. See Thompson, 116 S.Ct. at 465; see also Collazo, 940 F.2d at 416. Accordingly, the only remaining issue is whether the time lapse between the questioning occurring at Baruch's workplace and the questioning continued at the police station required a second Miranda warning. Given that the time lapse was no greater than five hours, we conclude that no additional warnings were required. See Dela Pena, 72 F.3d at 769 (no need to repeat warnings after fifteen hour lapse between time of initial questioning and time questioning resumed and suspect confessed).[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Baruch's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [2]
 On appeal, Baruch also raises a Fourth Amendment claim. Because Baruch did not present this claim to the district court, we decline to consider the issue. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994)