UNITED STATES of America, Plaintiff–Appellee,

v.

Donald RITCHIE, Defendant–Appellant.

No. 99–30383.

D.C. No. CR–99–00062–HRH.

United States Court of Appeals, Ninth Circuit.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Argued and Submitted Aug. 6, 2001.*

Decided Sept. 7, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, T.G. NELSON and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Appellant Donald Ritchie appeals his conviction and sentence following a jury trial for manufacturing methamphetamine, attempted manufacture of methamphetamine, possession of methamphetamine, and felon in possession of a firearm, in violation of 21 U.S.C. §§ 841(a)(1), 846, 844(a), 922(g). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we will not recite them in detail.

We review de novo whether a confession was voluntary. *United States v. Andaverde,* 64 F.3d 1305, 1310 (9th Cir.1995), *cert. denied,* 516 U.S. 1164, 116 S.Ct. 1055, 134 L.Ed.2d 199 (1996). We review for clear error the district court's factual finding that the defendant waived his *Miranda* rights. *Id.* at 1313. We review the district court's decision to admit evidence for an abuse of discretion. *United States v. Hernandez,* 109 F.3d 1450, 1452 (9th Cir. 1997). To determine whether the evidence was sufficient to support Ritchie's convictions, we view the evidence in the light most favorable to the government and reverse only if a rational trier of fact could not have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because Ritchie did not raise his *Apprendi* claim to the district court, we review his sentence for plain error. *United States v. Nordby,* 225 F.3d 1053, 1060 (9th Cir.2000).

 Ritchie first contends that the district court erred when it refused to suppress his post-arrest statements. He claims that the court erred when it found that *Miranda* warnings had been given.

Because there was substantial evidence (the testimony of two police officers) that *Miranda* warnings were given as required, the district court did not clearly err in so finding. Ritchie also contends that the time lapse between the giving of his *Miranda* warnings and his post-arrest statements rendered the statements inadmissable. Ritchie waived this argument by having failed to properly raise it in the district court. *See* FED. R.CRIM. PRO. R. 12(b)(3); *United States v. Wright,* 215 F.3d 1020, 1026 (9th Cir.), *cert. denied,* 531 U.S. 969, 121 S.Ct. 406, 148 L.Ed.2d 313 (2000). In any event, the argument is without merit. Once a suspect has been given *Miranda* warnings, the police need not repeat these warnings unless "appreciable time elapses." Here, three hours elapsed. Three hours does not constitute "appreciable time." *See People of Territory of Guam v. Dela Pena,* 72 F.3d 767, 770 (9th Cir.1995) (fourteen hours does not constitute appreciable time).

 Second, Ritchie contends that the district court's admission of evidence of other acts violated Federal Rule of Evidence 404(b). Evidence is not a "prior bad act" if it is inextricably intertwined with the evidence of the crime charged. *See United States v. Soliman,* 813 F.2d 277, 279 (9th Cir.1987). In this case, the where, how, with whom, and to what extent, Ritchie previously used and cooked methamphetamine was inextricably linked to the charged offenses. In any event, these prior acts are admissible under Rule 404(b) because they are probative of Ritchie's knowledge of the existence of the clandestine laboratories and of how to manufacture methamphetamine. *See United States v. Montgomery,* 150 F.3d 983, 1000–01 (9th Cir.), *cert. denied,* 525 U.S. 917, 119 S.Ct. 267, 142 L.Ed.2d 220 (1998).

---

Third, Ritchie contends that the district court erroneously admitted Hankins's testimony about Ritchie's out-of-court statement regarding Ritchie's purchase and ownership of a truck. The statement made by Ritchie was not hearsay because it was a party admission. Fed.R.Evid. 801(d)(2)(A).

Fourth, Richie argues that the district court erred in failing to grant his motion for acquittal. There was no error. The testimony of Adam Hankins, Richie's own admissions, and the documentary evidence found at the East 17th Street residence were sufficient to tie Ritchie to the manufacturing operation found there. Likewise, in addition to the above, the presence at the motel of Ritchie's truck loaded with methamphetamine manufacturing supplies, a recent cash register receipt for the purchase of the coffee filters used in the manufacturing process, the sticker left by the police the day before at East 17th Street and the other drug-related items found at the hotel were sufficient to sustain Richie's conviction for the attempted manufacturing charge at the motel. Finally, with respect to the felon in possession charge, there was sufficient circumstantial evidence to support the conclusion that the gun found in the motel room was under Ritchie's dominion and control. *See United States v. Bernard,* 48 F.3d 427, 429–30 (9th Cir.1995).

Fifth, Ritchie contends that the district judge committed plain error under *Apprendi* when he sentenced Ritchie to 292 months. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The statutory maximum for either count 1 or count 3, where a defendant has a prior conviction for a felony drug offense, is 360 months. 21 U.S.C. § 841(b)(1)(C). Ritchie admitted to a prior felony conviction for drug possession; therefore the sentence did not violate *Apprendi.* Further, Ritchie contends that his sentence runs afoul of *Apprendi* because his mandatory minimum sentence was based on an amount not proven to a jury. This court rejected this argument in *United States v. Garcia–Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001).

Finally, Ritchie contends that regardless of *Apprendi,* the district court erroneously calculated the amount of drugs for sentencing. We disagree. The district court did not err when it relied on the pre-sentence report to determine the amount of methamphetamine because the district court may adopt the factual findings of the PSR if those findings are supported by the record. *See United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000). Also, the district court did not wrongly apportion the quantity of methamphetamine between counts 1 and 3. The probation officer appropriately created a "group one" by grouping counts 1 and 3, and assigning a single sentence for those two counts. U.S.S.G. § 3D1.2.

AFFIRMED.