**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Conrado ESTRADA–AGUIAR,**
**Defendant—Appellant.**

No. 03–50019.
D.C. No. CR–02–01767–MJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Decided Feb. 12, 2004.

Mi Yung Park, Asst. U.S. Atty., Joseph Huynh, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marnie G. Ganotis, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before WALLACE, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM*

Pursuant to his conditional plea agreement, Conrado Estrada–Aguiar appeals the district court's conclusion that his confession was voluntary and the *Miranda* warning remained effective through the time of his confession. We affirm. Because the parties are familiar with the facts and procedural history, we need not recount them here.

■ The district court correctly held that a new *Miranda* warning was not required prior to the conversation at issue. No more than an hour and a half elapsed between the *Miranda* warning and confession, and there was only approximately thirty-five minutes between the official interrogation and the car-ride discussion, during which time Estrada–Aguiar was detained and processed by the Immigration and Naturalization Service at the Calexico border crossing. Under these facts, the time and events between advising Estrada–Aguiar of his constitutional rights and subsequent confession are not significantly appreciable to require a new *Miranda* warning. *See, e.g., United States v. Andaverde,* 64 F.3d 1305, 1308 (9th Cir.1995); *Guam v. Dela Pena,* 72 F.3d 767, 770 (9th Cir.1995); *United States v. Nordling,* 804 F.2d 1466, 1470 (9th Cir.1986).

■ The district court also did not err in holding that the confession was voluntary. When considering whether a confession is voluntary under the Due Process Clause, "[t]he test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Guerrero,* 847 F.2d 1363, 1365 (9th Cir.1988). Thus, "[a]s long as the decision is a product of the suspect's own balancing of competing considerations, the confession is voluntary." *United States v. Miller,* 984 F.2d 1028, 1031 (9th Cir.1993).

The main thrust of Estrada–Aguiar's argument is that Perez engaged in psychological coercion by promising leniency should he cooperate, coupled with statements indicating he could become a paid federal informant. However, a promise only vitiates consent if it is "sufficiently compelling to overbear the suspect's will in light of all attendant circumstances." *Guerrero,* 847 F.2d at 1366. Thus, we have consistently found statements voluntary even when a government agent promises to recommend leniency when informing the prosecutor about a defendant's cooperation. *Id.*

Under the circumstances presented by this case, we agree with the district court that the government filled its burden to prove the confession was voluntary by a preponderance of the evidence under the totality of the circumstances. The officer's comments referenced future cooperation after the case was concluded. The undisputed evidence indicates that the officer did not make any promises for leniency in the pending action in exchange for information, let alone promises significant enough to overbear Estrada–Aguiar's will. *See, e.g., United States v. Orso,* 266 F.3d 1030, 1040 (9th Cir.2001); *Derrick v. Peterson,* 924 F.2d 813, 819 (9th Cir.1990).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.