**Antonio L. ROBERTS, Petitioner–Appellant,**

v.

**W. COHEN, Respondent–Appellee.**

No. 02–56105.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Nov. 18, 2004.

Antonio L. Roberts, Soledad, CA, for Petitioner–Appellant.

---

**3.** *Blakely* does not affect a restitution order made, as in this case, under 18 U.S.C. § 3663A. *See DeGeorge*, 380 F.3d at 1221.

Donald J. Oeser, Esq., Office of Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioner Antonio L. Roberts appeals the district court's order denying his 28 U.S.C. § 2254 habeas petition challenging his California state court conviction for first degree murder and second degree robbery. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and we affirm.

### I

A jury convicted Roberts based in part on the testimony of Officer Ignacio Reyes recounting incriminating statements that Roberts made to him while Roberts was in custody for an unrelated charge.[1] Roberts had waived his *Miranda* rights twenty-two hours earlier, while being questioned by a different officer on the unrelated charge. Officer Reyes did not repeat the *Miranda* warnings. At the beginning of the discussion between Roberts and Officer Reyes, which yielded the incriminating statements that are challenged in this appeal of the district court's denial of Roberts's habeas corpus petition, Roberts also said to Officer Reyes, "Well I think I need a lawyer." Roberts's habeas petition raises two challenges to his conviction, based upon his Fifth Amendment right to be protected against self-incrimination and his Fifth Amendment right to counsel, respectively.

Our review of the district court's ruling on Roberts's petition for writ of habeas corpus is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA): We must affirm the district court's denial of the petition unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d) (2000). "In order for a federal court to find a state court's application of [Supreme Court] precedent unreasonable, the state court's decision must have been more than incorrect or erroneous. The state court's application must have been objectively unreasonable." *Wiggins v. Smith,* 539 U.S. 510, 520–21, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (internal quotation marks and citation omitted).

### II

■ Roberts first argues that the state court's decision was an unreasonable application of Supreme Court precedent governing advisement of *Miranda* rights because the twenty-two hour lapse between his receipt of warnings from the prior officer and his next-day questioning by Officer Reyes, when coupled with the fact that the earlier warnings were given by a different officer and waived regarding a different offense, made his *Miranda* warnings "stale," and constitutionally required Officer Reyes to give him new warnings before any further questioning could commence. *See Miranda v. Arizona,* 384 U.S. 436, 467–74, 86 S.Ct. 1602, 16 L.Ed.2d 694

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the facts are well known to the parties, we recite them here only as is necessary to our disposition.

(1966). We disagree. The state court properly applied a totality of the circumstances analysis. *Wyrick v. Fields,* 459 U.S. 42, 47–49, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982) (per curiam).

Regarding the time lapse, we have upheld delays of similar duration between warnings and questioning.[2] *Guam v. Dela Pena,* 72 F.3d 767, 769–70 (9th Cir.1995) (fifteen hours); *United States v. Andaverde,* 64 F.3d 1305, 1313 (9th Cir.1995) (one day); *Puplampu v. United States,* 422 F.2d 870, 870 (9th Cir.1970) (per curiam) (two days); *Maguire v. United States,* 396 F.2d 327, 331 (9th Cir.1968) (three days). No precedent of the Supreme Court is to the contrary. We have similarly approved the omission of new warnings when a different law enforcement officer conducts a second interview of a suspect. *Andaverde,* 64 F.3d at 1312–13. Finally, the Supreme Court's precedent makes clear that *Miranda* warnings and waivers are not offense specific. *Colorado v. Spring,* 479 U.S. 564, 574–77, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987); *cf. McNeil v. Wisconsin,* 501 U.S. 171, 177, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (holding that the Sixth Amendment right to counsel is offense specific). The state court properly weighed these factors, and its determination that new warnings were not constitutionally required was not "objectively unreasonable." *Wiggins,* 539 U.S. at 520; *Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

## III

 Roberts next argues that the state court decision was an unreasonable application of Supreme Court precedent because his statement "Well I think I need a lawyer" was an unequivocal invocation of his Fifth Amendment right to counsel. The state court again applied the proper Supreme Court standard, established in *Davis v. United States,* 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), which held that a suspect's statement "Maybe I should talk to a lawyer" was not sufficiently unequivocal to invoke the right to counsel. 512 U.S. at 462. As the Supreme Court instructed in *Davis,* "the suspect must unambiguously request counsel.... If the statement fails to meet the requisite level of clarity, [we] do[ ] not require that the officers stop questioning the suspect." *Id.*

Similarly, the state court of appeals here concluded that Roberts's statement failed to meet the "requisite level of clarity." *See id.* at 459. Roberts's statement— "Well I think I need a lawyer"—was not dissimilar to the statement "Maybe I should talk to a lawyer" that was held too equivocal in *Davis. See id.* at 462; *see also Clark v. Murphy,* 331 F.3d 1062, 1069 (9th Cir.2003) ("I think I would like to talk to a lawyer."); *Burket v. Angelone,* 208 F.3d 172, 198 (4th Cir.2000) ("I think I need a lawyer."); *Diaz v. Senkowski,* 76 F.3d 61, 63–65 (2d Cir.1996) ("Do you think I need a lawyer?"). Despite the slight literal difference between Roberts's statement and that held insufficient in *Davis,* the statements are similar enough that, in the context of review under the standard required by AEDPA, we cannot

2. While only the Supreme Court's precedents are binding on the California court, and only those precedents need be reasonably applied, we may look for guidance from circuit precedent as to whether a state court decision is an "unreasonable application of Supreme Court law." *Duhaime v. Ducharme,* 200 F.3d 597, 600–01 (9th Cir.2000) (internal quotation marks omitted). As we recently explained in *Casey v. Moore,* 386 F.3d 896, 907 (9th Cir. 2004): "[L]ower federal court and state court precedent may be relevant when that precedent illuminates the application of clearly established federal law as determined by the United States Supreme Court...."

say that the state court decision was "objectively unreasonable." *Wiggins,* 539 U.S. at 520, 123 S.Ct. 2527; *Williams,* 529 U.S. at 409.

**AFFIRMED.**

