**Brett C. CAGLEY, Petitioner— Appellant,**

**v.**

**W.A. DUNCAN, Warden, Respondent— Appellee.**

No. 03–56003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2005.

Decided Feb. 11, 2005.

---

Brett C. Cagley, K–59228, CMCW—California Men's Colony West, San Luis Obispo, CA, pro se.

Phillip I. Bronson, Esq., Encino, CA, Sara Gros-Cloren, Charles C. Ragland, AGCA—Office of The California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: REINHARDT, O'SCANNLAIN, and CLIFTON, Circuit Judges.

## MEMORANDUM [*]

Brett Cagley, a California state prisoner, appeals from the district court's denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging his convictions for lewd and lascivious acts upon a child under the age of 14 years under California Penal Code § 288(a) and for child molestation under California Penal Code § 647.6(a). We review *de novo* the district court's decision to deny a habeas petition under 28 U.S.C. § 2254, *see Laboa v. Calderon*, 224 F.3d 972, 976 (9th Cir. 2000), and we affirm.

## I

As the facts are known to the parties, we do not recite them here except as necessary to explain our disposition. Cagley was interrogated twice by Detective Mike DiMatteo. He argues that the statements he made during the second of those interviews, two days after the first (Mirandized) interview, were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and should therefore have been suppressed.

■ The California Supreme Court denied Cagley's petition for review without opinion, and so we review the Court of Appeal's opinion as the last reasoned decision by the state courts in this case. *See Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir.2002). The Court of Appeal upheld Cagley's conviction because it found, under the totality of the circumstances, that Cagley knowingly and voluntarily decided to waive his rights during the second interview. The Court of Appeal was correct that the validity of a *Miranda* waiver depends on the totality of the circumstances. *See Colorado v. Spring*, 479 U.S. 564, 573, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987). Its application of that test was not unreasonable; in fact, it was squarely in line with our own precedent. Cagley's argument that the two-day interval between the two interviews prevented him from knowingly and voluntarily waiving his rights at the second interview is foreclosed by *Maguire v. United States*, 396 F.2d 327 (9th Cir. 1968), which held admissible a confession obtained three days after the defendant received *Miranda* warnings. *Id.* at 331; *cf. Biddy v. Diamond*, 516 F.2d 118, 122 (5th Cir.1975) (holding admissible a statement made shortly after the defendant

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

stated that she remembered the *Miranda* warnings she had received twelve days earlier); *Martin v. Wainwright,* 770 F.2d 918, 929–31 (11th Cir.1985) (holding admissible a statement made seven days after the full set of warnings).

## II

Cagley also argues that the subject matter of the second interview was so different from that of the first interview that a new set of warnings was necessary, but again his argument is untenable: the Supreme Court held in *Colorado v. Spring,* 479 U.S. 564, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987), that "a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to determining whether the suspect voluntarily, knowingly, and intelligently waived" his rights. *Id.* at 577, 107 S.Ct. 851.

■ Cagley stated clearly at the second interview that he remembered the *Miranda* rights he had heard two days earlier and nevertheless wanted to talk to Detective DiMatteo. The Court of Appeal's determination that this waiver was knowing and voluntary was not "objectively unreasonable," *Nunes v. Mueller,* 350 F.3d 1045, 1051 (9th Cir.2003).

AFFIRMED.