**Jose Manuel VILLALON, Petitioner— Appellant,**

v.

**Art CALDERON, Warden, Respondent— Appellee.**

No. 03–57153.

D.C. No. CV–01–03116–CJC.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.[*]

Decided April 27, 2005.

Michael J. Brennan, Manhattan Beach, CA, for Petitioner–Appellant.

Scott A. Taryle, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, PREGERSON, and TROTT, Circuit Judges.

### MEMORANDUM**

Petitioner–Appellant Jose Manuel Villalon ("Villalon") appeals the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254. In his petition, Villalon challenges his conviction for possession of methamphetamine and being under the influence of methamphetamine. Villalon claims that his due process rights were violated by the trial judge's failure to give the jury a limiting instruction on the use of incriminating statements Villalon made to his parole officer during a custodial interrogation in which Villalon was not re-advised of his constitutional rights. The district court denied Villalon's habeas petition after concluding that there was no violation under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and thus no need for a limiting instruction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

*Miranda* re-advisement is not required "simply because there is a break in questioning," where the defendant was previously properly advised and had waived his *Miranda* rights. *People v. Dela Pena,* 72 F.3d 767, 769–70 (9th Cir.1995); *see also United States v. Rodriguez–Preciado,* 399 F.3d 1118, 1130 (9th Cir.2005) ("[F]ailure to re-administer warnings on the second day does not automatically render any of the statements made that day inadmissible."). Here, the arresting officer advised Villalon of his *Miranda* rights, which Villalon properly waived. Under the totality of these circumstances, we find that Villalon has failed to demonstrate that during his interview by the parole officer less than two days later "the circumstances

changed so seriously that his answers no longer were voluntary." *See Wyrick v. Fields,* 459 U.S. 42, 47, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982).

Moreover, even if the admission of the parole officer's testimony was erroneous, the overwhelming evidence against Villalon establishes his guilt beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *see also Milton v. Wainwright,* 407 U.S. 371, 377–78, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). Further, the evidence indicates, beyond a reasonable doubt, that the jury would have convicted Villalon even if the trial judge had given the requested limiting instruction. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Accordingly, the district court's denial of Villalon's petition for writ of habeas corpus is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.