IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31224-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EULOGIO CASTRO ROMERO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

Brown, J.—Eulogio Castro Romero appeals his convictions for possessing methamphetamine and possessing a firearm without an alien firearm license. He contends the trial court erred in admitting his custodial interrogation statements to a federal immigration agent and insufficient evidence supports his conviction for possessing a firearm without an alien firearm license. We affirm.

FACTS

Law enforcement executed a search warrant at Mr. Romero's residence on July 15, 2012 around 10:30 p.m. Moses Lake Police Officer Raymond Bernard read Mr. Romero his Miranda[1] rights from a department issued card. Mr. Romero responded that he understood and gave statements. The search results partly included methamphetamine on Mr. Romero's bedside table and a firearm under his mattress.

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The next day, around 10 to 18 hours later, United States Immigration and Customs Enforcement Agent Jaime Waite took additional statements from Mr. Romero while he was in jail without giving fresh *Miranda* warnings. The trial court admitted these statements at trial after denying Mr. Romero's CrR 3.5 motion to suppress them. A jury found him guilty as charged of possessing methamphetamine and possessing a firearm without an alien firearm license. He appealed.

ANALYSIS

A. *Miranda* Warnings

The issue is whether the trial court erred in admitting Mr. Romero's custodial interrogation statements to Agent Waite. Mr. Romero solely contends his statements are inadmissible because Agent Waite obtained them without giving fresh *Miranda* warnings. We review the adequacy of *Miranda* warnings de novo. *State v. Campos-Cerna*, 154 Wn. App. 702, 708, 226 P.3d 185 (2010). We review CrR 3.5 factual findings for substantial evidence. *State v. Broadaway*, 133 Wn.2d 118, 131, 942 P.2d 363 (1997). Substantial evidence supports a factual finding if "a sufficient quantity of evidence [exists] in the record to persuade a fair-minded, rational person of the truth of the finding." *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

Generally, in addition to due process protections against use of coerced statements, the State may not admit as trial evidence any statements a suspect makes during custodial interrogation unless it proves, by a preponderance of evidence, the suspect received fully effective *Miranda* warnings and knowingly, intelligently, and

2

voluntarily waived his or her *Miranda* rights before making the statements.[2] *Miranda v. Arizona*, 384 U.S. 436, 478-79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986). Mr. Romero does not invoke due process protections here. The State does not dispute that his conversation with Agent Waite constituted custodial interrogation.[3]

"[C]ourts have generally rejected a *per se* rule as to when a suspect must be readvised of his rights after the passage of time or a change in questioners." *United States v. Andaverde*, 64 F.3d 1305, 1312 (1995) (citing *Wyrick v. Fields*, 459 U.S. 42, 49, 103 S. Ct. 394, 74 L. Ed. 2d 214 (1982)). Instead, courts evaluate the totality of the circumstances in determining whether law enforcement needed to give the suspect fresh *Miranda* warnings. *See, e.g., United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1128-30 (9th. Cir. 2005) (holding *Miranda* warnings were still effective after 16 hours); *Guam v. Dela Pena*, 72 F.3d 767, 769-70 (9th Cir. 1995) (holding *Miranda* warnings were still effective after 15 hours); *Puplampu v. United States*, 422 F.2d 870, 870 (9th Cir. 1970) (holding *Miranda* warnings were still effective after two days); *Maguire v. United States*, 396 F.2d 327, 331 (9th Cir. 1968) (holding *Miranda* warnings

---

[2] At a minimum, *Miranda* warnings must inform a suspect "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him." 384 U.S. at 479.

[3] A suspect is in custody when law enforcement formally arrests the suspect or similarly restrains his or her freedom so that a reasonable person under the circumstances would not feel free to terminate the encounter and leave. *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S. Ct. 457, 133 L. Ed. 2d 383 (1995). A suspect is subject to interrogation when law enforcement expressly questions the suspect or initiates some functional equivalent, including words or conduct that law enforcement

were still effective after three days); *State v. Blanchey*, 75 Wn.2d 926, 931, 454 P.2d 841 (1969) (holding *Miranda* warnings were still effective after four days).

Considering these judicial opinions, we conclude the original *Miranda* warnings were still effective 10 to 18 hours later, when Mr. Romero made his custodial interrogation statements to Agent Waite. A sufficient quantity of evidence exists in the record to persuade a fair-minded, rational person that Mr. Romero received fully effective *Miranda* warnings and knowingly, intelligently, and voluntarily waived his *Miranda* rights before making his statements. Substantial evidence supports the CrR 3.5 factual findings. The trial court did not err in admitting Mr. Romero's custodial interrogation statements to Agent Waite.

## B. Evidence Sufficiency

The issue is whether sufficient evidence supports Mr. Romero's conviction for possessing a firearm without an alien firearm license. He contends the State did not prove he lacked the license.

The State must prove all essential elements of a charged crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Evidence is sufficient to support a guilty finding if "'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). An evidence sufficiency

should know are reasonably likely to elicit his or her incriminating response. *Rhode*

4

challenge "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We defer to the jury's assessment of witness credibility and evidence weight. *State v. Carver*, 113 Wn.2d 591, 604, 781 P.2d 1308, 789 P.2d 306 (1989).

A person is guilty of possessing a firearm without an alien firearm license if the person "carr[ies] or possess[es] any firearm," is not "a lawful permanent resident," and has not "obtained a valid alien firearm license." RCW 9.41.171. To apply for an alien firearm license, a person must provide "a copy of the applicant's passport and visa showing the applicant is in the country legally." RCW 9.41.173(4). Because Mr. Romero admitted he lacked any "papers" authorizing him to be in the country, a rational jury could reasonably infer he could not provide a copy of his passport and visa showing he was in the country legally. Report of Proceedings at 136. It was impossible for him to have obtained a valid alien firearm license because his immigration status categorically prohibited him from doing so. Therefore, the State produced sufficient evidence for the jury to find he lacked the license. In sum, sufficient evidence supports Mr. Romero's conviction for possessing a firearm without an alien firearm license.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

---

*Island v. Innis*, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980).

No. 31224-1-III
*State v. Romero*

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Culp, J.P.T.

6