NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10415 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-0290-KJD-PAL |
| v. | |
| ANOUSONE SAVANH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted February 15, 2018
San Francisco, California

Before: SCHROEDER, TORRUELLA,** and FRIEDLAND, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Juan R. Torruella, United States Circuit Judge for the First Circuit, sitting by designation.

After a jury trial, Appellant Anousone Michael Savanh ("Savanh") was convicted of receipt of child pornography and possession of child pornography, *see* 18 U.S.C. §§ 2252(a)(2)(B), 2252A(a)(5)(B), and sentenced to 210 months' imprisonment. Savanh now appeals: 1) the district court's denial of his suppression motion and request for an evidentiary hearing; 2) the district court's rulings on his proposed expert witnesses; 3) the district court's denial of his motion for acquittal; and 4) his sentence. We affirm.

**1.** The district court properly denied Savanh's pretrial motion to suppress his confession and request for an evidentiary hearing to establish the circumstances surrounding his confession. First, the district court correctly concluded that suppression was not warranted here. The totality of the circumstances, including "the characteristics of the accused and the details of the interrogation," indicated that Savanh's confession was voluntary. *United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014) (en banc) (emphasis omitted) (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000)).

The record does not support Savanh's assertion that Detective Wayne Nichols exploited Savanh's paternal instincts during their two conversations in Nichols's car. Rather, during their first interview, after Savanh denied having downloaded child pornography, Nichols merely indicated that he would "certainly reach out to" Savanh's adult son, to "talk to him, explain to him what's going on as well, and

hopefully get some further insight." Nor do any other circumstances suggest that Savanh's confession was involuntary. He freely agreed to speak with Nichols on both occasions. He heard and then waived his *Miranda* rights at the beginning of the first interview, and Nichols explained to him "[i]f you decide to answer questions now, you may stop at any time." Nichols additionally cautioned Savanh at the beginning of their second interview, "[y]ou understand you don't have to speak to me, correct, sir?" to which Savanh responded "I understand." Savanh was not handcuffed during either interview, and the record does not support his contention that Nichols or anyone else prevented him from speaking with his family at any time. Lastly, the record is similarly unsupportive of Savanh's assertion that his confession was involuntary in light of his alleged extreme deference to authority as a Laotian refugee. *See Colorado v. Connelly*, 479 U.S. 157, 164 (1986) (holding that a defendant's "mental condition" is insufficient to establish that a confession was involuntary absent separate evidence of "official coercion").

Furthermore, even if we assume that Savanh was in custody, it was not necessary for Nichols to provide a new *Miranda* warning at the outset of his second interview with Savanh. The second interview took place only 30 minutes after the conclusion of the first. And, Nichols began the second interview by confirming that Savanh still understood his *Miranda* rights. This brief break between the two interviews was not enough, on its own, to necessitate re-warning. *See Guam v. Dela*

*Pena*, 72 F.3d 767, 770 (9th Cir. 1995) (holding that re-warning was unnecessary after a 15-hour break in questioning, and collecting cases holding that re-warning was unnecessary after breaks in questioning up to three days long). Rather, Savanh needed to show that "intervening events" had created the impression that his rights had "changed in a material way," thereby calling for re-warning. *United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1129 (9th Cir.), *amended by* 416 F.3d 939 (9th Cir. 2005). He fails to do so. Savanh first points to Nichols's disclosure at the outset of the second interview that child pornography had been found on Savanh's computer. But that is insufficient to amount to an "intervening event" of this sort. He then argues that seeing his wife from Nichols's car resulted in changed circumstances, but this only occurred after he had confessed. Accordingly, Nichols did not need to give Savanh a renewed *Miranda* warning before the second interview.

Finally, the district court also did not abuse its discretion in declining to hold an evidentiary hearing to establish the circumstances surrounding Savanh's confession. "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact" surround the admissibility of the evidence at issue. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986); *see also United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000)

4

(citations omitted) (To call for a hearing, the moving papers must "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."). Here, the record undercuts Savanh's contentions that he was confined to his living room for "several hours" while officers searched his house, and that he was prevented from using his cell phone or otherwise separated from his family. Because the district court could "determine from the record before it" that Savanh's allegations of contested factual issues lacked credibility, it did not abuse its discretion in finding an evidentiary hearing unwarranted. *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991). Moreover, resolving all of the alleged evidentiary issues in Savanh's favor still does not establish that his confession was involuntary. Thus, even had the district court erred by declining to hold a hearing, any such error was harmless.

**2.** The district court also did not err in any of its rulings involving Savanh's proposed experts, Donald Cinco ("Cinco"), Larry Smith ("Smith"), and Tami Loehrs ("Loehrs"). As a threshold matter, Savanh fails in challenging the district court's consideration of what he characterizes as the Government's untimely motion in limine to exclude all three of his proposed experts. The district court never set any deadline for motions in limine. Additionally, Savanh filed motions in limine *after* the Government's allegedly untimely motion to exclude the testimony of his proposed experts, and the district court considered those motions. So, the district

5

court did not abuse its discretion in considering the Government's motion to exclude Savanh's proposed experts.

Nor did it abuse its discretion, *see United States v. Curtin*, 588 F.3d 993, 995 (9th Cir. 2009), in limiting Cinco and Smith to testifying as fact witnesses, or in excluding Loehrs's testimony altogether. Consistent with Federal Rule of Evidence 702, a trial court "must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)). Additionally, a trial court "has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on 'the particular circumstances of the particular case.'" *Id.* (footnote omitted) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)).

While the district court initially denied the Government's motion to exclude Cinco's expert testimony, it reversed that decision after voir dire, which brought to light what it described as his "extremely minimal" relevant experience, education, and training.[1] Most notably, voir dire revealed that Cinco had only examined three or four computers during his career. Accordingly, the district court did not abuse its

---

[1] Savanh cannot now argue that this reversal undermined his credibility at trial; he invited this scenario by opposing the Government's request for a *Daubert* hearing and arguing instead that any "concerns" regarding Cinco's testimony "could be addressed through *voir dire* process" at trial.

discretion in limiting him to testifying as a fact witness. As for Smith, Savanh's Notice of Expert Testimony indicated that Smith would rely on Cinco's testimony as the basis for his own expert opinion. And at trial, Smith testified that he had never received specialized training in viruses or malware. Therefore, the district court did not abuse its discretion in deciding not to permit Smith to testify as an expert, and limiting him to testifying only about his own knowledge of his "examination of the computer at issue."

Finally, the district court did not commit an abuse of discretion in excluding Loehrs from testifying outright. Savanh initially refused to comply with the district court's order to submit a report explaining the basis for Loehrs's opinions and the methodology she employed to reach those conclusions, *see* Fed. R. Crim. P. 16(b)(1)(C), which resulted in the district court excluding her testimony. He only provided information to that effect after attempting to call Loehrs as his final witness at trial--in violation of the district court's ruling that Savanh could call Troy Kelly, the Government's rebuttal witness as his own witness only if he called Kelly as his last witness. Additionally, in denying Savanh's subsequent motion for the court to reconsider its ruling excluding Loehrs's testimony, the district court further found that Loehrs's proposed testimony would have been cumulative in light of Cinco's testimony. For these reasons, the district court did not commit an abuse of discretion in precluding Loehrs from testifying.

**3.**     Furthermore, the district court did not err in denying Savanh's motion for acquittal pursuant to Fed. R. Crim. P. 29.  To succeed on that motion, Savanh needed to show that, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found that he knowingly received child pornography.  *See* 18 U.S.C. § 2252(a)(2)(B); *United States v. Mincoff*, 574 F.3d 1186, 1191-92 (9th Cir. 2009).  Circumstantial evidence of knowledge permissibly could have provided the sole basis for Savanh's conviction.  *See United States v. Hardrick*, 766 F.3d 1051, 1057 (9th Cir. 2014).  But here, the Government introduced more than circumstantial evidence of Savanh's culpability--namely, his confession to Nichols, the details of which were corroborated by the evidence found on Savanh's computer.  It is true that Savanh testified that he had not downloaded the files in question, and claimed he had only confessed to Nichols to shield his son from investigation.  He also presented evidence in support of his theory that a third party had remotely "hacked" his computer and downloaded child pornography.  Yet, because a rational factfinder could nonetheless have concluded that Savanh knowingly downloaded child pornography, the district court did not err in denying his motion for acquittal.

**4.**     Finally, the district court neither committed procedural error in sentencing Savanh nor imposed a substantively unreasonable sentence.  First, the district court did not err in applying a two-level obstruction of justice enhancement under

8

U.S.S.G. § 3C1.1.  That enhancement is appropriate when the sentencing court expressly finds that "(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent."  *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014) (quoting *United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008)).  Here, the district court properly found that Savanh's trial testimony that he did not download child pornography met these requirements.  Specifically, it noted that the jury "[o]bviously did not believe [Savanh's] statement that he did not download the material," and further found that Savanh's "testimony under oath concerned a material matter, and the testimony was with the willful intent to deceive."  Thus, the district court properly applied the enhancement.

Second, Savanh is incorrect in arguing that the "district court imposed a substantively unreasonable sentence by punishing [him] more harshly for proceeding to trial."  A defendant's failure to fully accept responsibility for his actions may justify a less favorable sentence.  *United States v. Carter*, 804 F.2d 508, 514-15 (9th Cir. 1986).  And it is "possible for a defendant both to exercise his right to a trial and to demonstrate acceptance of responsibility."  *United States v. Espinoza-Cano*, 456 F.3d 1126, 1137 (9th Cir. 2006), *superseded by regulation on other grounds as recognized in United States v. Barrow*, 606 F. App'x (9th Cir. 2015); *see also United States v. Gonzalez*, 897 F.2d 1018, 1020 (9th Cir. 1990).  Here, Savanh expressly declined to accept responsibility after the jury found him

guilty, but before the district court sentenced him. Moreover, in contrast to *United States v. Medina-Cervantes*, 690 F.2d 715, 716 (9th Cir. 1982), and *United States v. Stockwell*, 472 F.2d 1186, 1187 (9th Cir. 1973), Savanh does not point to anything that would suggest that the district court impermissibly penalized him for electing not to plead guilty and exercising his right to a trial. Rather, the record indicates that Savanh's sentence legitimately reflected his refusal to accept responsibility for the crime for which the jury convicted him. Accordingly, the district court did not err in sentencing Savanh.

**AFFIRMED**.